IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Robert Steve Jolly, | ) | C/A No.: 1:10-1102-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| J. Reuben Long Detention Center, Tom Fox, Phillip Thompson, Major Johnson, Capt. Stafford, Cpl. Jones, | ) | |
| Defendants. | ) | |

Robert Steve Jolly ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the J. Reuben Long Detention Center (JRLDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names employees of the JRLDC as defendants.[1]

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). For the reasons that follow, the undersigned recommends the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**I.     Standard of Review**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

**II.     Discussion**

Plaintiff's complaint states that he began a six-month sentence for contempt of court on April 16, 2009. Plaintiff alleges he subsequently received an additional thirty-day sentence for "indirect contempt." Plaintiff claims that Defendants will not allow him to "mail out over 6 pages in a letter, or have copies made, or buy stamps." (Compl. 3.) Plaintiff also complains that he is not allowed access to a legal library and that Defendants refuse to notarize Plaintiff's documents. (*Id.*)

Plaintiff states that Defendants claim to have a court order, directing that Plaintiff not be allowed to "file any papers or have anything notarized."(Compl. 3.) However, Plaintiff claims he has allegedly been denied a copy of the order. Plaintiff claims that Defendants' actions have resulted in his inability to file appeals in his state court cases and a petition for a writ of habeas corpus. (Compl. 3.) Plaintiff seeks injunctive relief and also cites to the Racketeer Influenced and Corrupt Organizations Act ("RICO") in the pleading. (Compl. 4).

The Plaintiff previously brought a § 1983 action in this District Court involving the same Defendants and asserting nearly identical allegations as the instant action. *See Robert Steve Jolly v. Phillip Thompson, et al.*, C/A No. 1:10-874-TLW-SVH (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

**II.     Discussion**

Plaintiff's complaint states that he began a six-month sentence for contempt of court on April 16, 2009. Plaintiff alleges he subsequently received an additional thirty-day sentence for "indirect contempt." Plaintiff claims that Defendants will not allow him to "mail out over 6 pages in a letter, or have copies made, or buy stamps." (Compl. 3.) Plaintiff also complains that he is not allowed access to a legal library and that Defendants refuse to notarize Plaintiff's documents. (*Id.*)

Plaintiff states that Defendants claim to have a court order, directing that Plaintiff not be allowed to "file any papers or have anything notarized."(Compl. 3.) However, Plaintiff claims he has allegedly been denied a copy of the order. Plaintiff claims that Defendants' actions have resulted in his inability to file appeals in his state court cases and a petition for a writ of habeas corpus. (Compl. 3.) Plaintiff seeks injunctive relief and also cites to the Racketeer Influenced and Corrupt Organizations Act ("RICO") in the pleading. (Compl. 4).

The Plaintiff previously brought a § 1983 action in this District Court involving the same Defendants and asserting nearly identical allegations as the instant action. *See Robert Steve Jolly v. Phillip Thompson, et al.*, C/A No. 1:10-874-TLW-SVH (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district

court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This court takes judicial notice of C/A No. 1:10-874-TLW-SVH (also referred to herein as "Plaintiff's prior case").

Plaintiff's prior case, which is currently pending, was received by the court and docketed on April 9, 2010. It names the same Defendants listed in the present action, save the JRLDC.[2] As in the instant action, the Complaint in Plaintiff's prior case alleges denial of court access based on the Defendants' refusal to: (1) notarize Plaintiff's documents; (2) allow Plaintiff to send letters containing more than six pages; (3) provide Plaintiff with copies; or (4) provide Plaintiff with access to a legal library. (Compl. in C/A No:1:10-874-TLW-SVH, 3-5.) Plaintiff's prior case also alleges Defendants' refusal to provide him with an order authorizing Defendants' actions. *Id.* The prior complaint further claims that Plaintiff has been denied the right to file an appeal or a petition for a writ of habeas corpus and that Defendants have engaged in conduct which violates the RICO Act. *Id.* Like the current pleading, Plaintiff seeks injunctive relief in his prior case.

As the issues involved in the prior Complaint are currently being addressed, this duplicate §1983 complaint should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d

---

[2] As Plaintiff failed to provide any service documents for the JRLDC, it is possible that he listed this entity for descriptive purposes only and did not intend for the JRLDC to be listed as a separate defendant on the court's docket. In any event, the JRLDC is not a "person" amenable to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").

1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

**III.    Conclusion**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance or service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

June 10, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).